| | |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO, STATE OF COLORADO<br>270 S. Tejon Street<br>Colorado Springs, CO 80903 | DATE FILED<br>January 9, 2025 3:44 PM<br>FILING ID: B8C4CB608D8B9<br>CASE NUMBER: 2025CV30059 |
| **PLAINTIFF**: PHEBE DIAZ, individually and as Personal Representative of the Estate of DAVID DIAZ, deceased,<br>v.<br>**DEFENDANT**: 24 HOUR FITNESS USA, LLC d/b/a 24 HOUR FITNESS | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Madeline S. Robbins (#56547)<br>S. Paige Singleton (#49011)<br>RAMOS LAW<br>10190 Bannock Street, Suite 200<br>Northglenn, CO 80260<br>T: 303.733.6353 \| F: 303.856.5666<br>E: mrobbins@ramoslaw.com; psingleton@ramoslaw.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Phebe Diaz, individually and as Personal Representative of the Estate of David Diaz, deceased, by and through her attorneys, RAMOS LAW, submits the following Complaint for Damages against Defendant 24 Hour Fitness USA, LLC d/b/a 24 Hour Fitness ("Defendant 24 Hour Fitness"), stating and alleging as follows:

## I.     PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Phebe Diaz ("Plaintiff" or "Ms. Diaz"), is a resident of the State of Colorado, residing at 2367 S. Xanadu Way, Apartment #401, Aurora, Colorado 80014.

2. Ms. Diaz is the daughter and heir of David Diaz ("Mr. Diaz"), deceased, and has standing to pursue claims against Defendant 24 Hour Fitness under C.R.S. §§ 13-21-201 and 13-21-203 on behalf of herself and as a representative for her siblings: Vashti Diaz, Moses Diaz, and Jonathan Diaz.

3. Ms. Diaz is the duly appointed Personal Representative of the Estate of David Diaz, deceased, and has standing to bring claims against the Defendants pursuant to Colorado's Survival Statute, § 13-20-101, C.R.S., on behalf of the Estate of David Diaz.

4. Upon information and belief, Defendant 24 Hour Fitness is Limited Liability Company in good standing to conduct business in the State of Colorado with a principal place of business at 1265 Laurel Tree Lane, Suite 200, Carlsbad, CA 92011.

5. Defendant 24 Hour Fitness's registered agent for service of process is Corporation

Service Company, which is located at 1900 W. Littleton Blvd, Littleton, CO 80120.

6. The Court has personal jurisdiction over this action pursuant to C.R.S. § 13-1-124(1)(a), (b), and (c).

7. Pursuant to C.R.S.A. Const. Art. VI § 9, this Court has subject matter jurisdiction over this action because it involves a civil matter and District Courts are courts of general and original jurisdiction.

8. Venue is appropriate before this Court pursuant to C.R.C.P. 98(c) because El Paso County is the county where the tort was committed.

## II. GENERAL ALLEGATIONS

9. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

10. Defendant 24 Hour Fitness maintains a fitness gym location at 1892 Southgate Road, Colorado Springs, Colorado 80906 ("Colorado Springs location").

11. Defendant 24 Hour Fitness allows members of the public to purchase gym memberships at the Colorado Springs location in exchange for the use of workout equipment and other amenities such a steam room.

12. Upon information and belief, at all relevant times, Defendant 24 Hour Fitness was responsible for the care and maintenance of the Colorado Springs location, including but not limited to the repair and maintenance of the steam room.

13. Upon information and belief, at all relevant times, Defendant 24 Hour Fitness had a nondelegable duty to perform proper upkeep, maintenance, repairs, and management of the Colorado Springs location, including but not limited to the steam room.

14. Upon information and belief, at all relevant times, Defendant 24 Hour Fitness had a duty to keep the steam room at the Colorado Springs location in good condition and repair, well maintained, and free of hazardous and dangerous conditions.

15. Upon information and belief, Defendant 24 Hour Fitness had a duty to warn invitees of any dangerous conditions on the premises of the Colorado Springs location, including the steam room.

16. Upon information and belief, the steamer spout in the steam room at the Colorado Springs location was damaged, malfunctioning, and/or not safe for use prior to January 13, 2023.

17. Upon information and belief, Defendant 24 Hour Fitness was aware that a steamer spout in the steam room at the Colorado Springs location was damaged, malfunctioning, and/or

not safe for use prior to the January 13, 2023, incident.

18. Upon information and belief, Defendant 24 Hour Fitness was aware that the steam room at the Colorado Springs location was malfunctioning and/or not safe for use prior to the January 13, 2023, incident.

19. Upon information and belief, Defendant 24 Hour Fitness was aware that the steamer spout in the steam room at the Colorado Springs location was damaged prior to the January 13, 2023, incident.

20. Upon information and belief, Defendant 24 Hour Fitness did not place any markings, signs, boundaries, or objects at the entry of the steam room in the Colorado Springs location that would have signified that the steam room was not safe for use prior to January 13, 2023.

21. Upon information and belief, at all relevant times, Defendant 24 Hour Fitness was responsible for the care and maintenance of the Colorado Springs location, including but not limited to the repair and maintenance of the steamer spout in the steam room.

22. Upon information and belief, at all relevant times, Defendant 24 Hour Fitness had a duty to perform proper upkeep, maintenance, repairs, and management of the Colorado Springs location, including but not limited to the steam room.

23. Upon information and belief, at all relevant times, Defendant 24 Hour Fitness had a duty to keep the steam room at the Colorado Springs location in good condition and repair, well maintained, and free of hazardous and dangerous conditions.

24. Upon information and belief, Defendant 24 Hour Fitness had a duty to warn invitees of any dangerous conditions on the premises of the Colorado Springs location, including the steam room.

25. On January 13, 2023, Mr. Diaz possessed a valid and effective gym membership at the Colorado Springs location.

26. Upon information and belief, Defendant 24 Hour Fitness represented to the members of the Colorado Springs location that the steam room was available for use as an amenity on January 13, 2023.

27. On January 13, 2023, at approximately 3:00 p.m., Mr. Diaz used the steam room at Defendant 24 Hour Fitness's Colorado Springs location.

28. Upon information and belief, at or around this same time, a steamer spout in the steam room of the Colorado Springs location malfunctioned and exploded.

29. Upon information and belief, the steamer spout in the steam room at the Colorado Springs location was damaged prior to Mr. Diaz's use of the steam room on January 13, 2023.

30. The malfunction of the steamer spout caused a large amount of explosive, hot steam to come into direct contact with Mr. Diaz's airways and the anterior portion of his body.

31. The force of the steamer spout explosion caused Mr. Diaz to stumble to the ground.

32. At approximately 5:19 p.m. on January 13, 2023, Mr. Diaz presented to the emergency room with multiple visible burns with blistering across his mouth, posterior oropharynx, bilateral upper extremities, and trunk.

33. As a result of the steamer spout malfunction, Mr. Diaz diagnosed with serious injuries including, *inter alia*, 31% total-body surface area mixed partial-full thickness burns, hypoxic respiratory failure, multi-system organ failure, and septic shock.

34. Mr. Diaz received in-patient medical care and treatment for his incident-related injuries from January 13, 2023, to January 24, 2023.

35. As a result of the severe and significant thermal injuries that he sustained on January 13, 2023, Mr. Diaz became asystolic and died on January 24, 2023.

36. A January 27, 2023, autopsy conducted by the El Paso County Coroner determined that Mr. Diaz died as a result of complications of scalding injuries that were reportedly sustained from a burst of steam in a steam room.

37. The presence of the damaged and/or malfunctioning steamer spout created an unreasonable risk of injury, damage, and loss to invitees, including Mr. Diaz, at Defendant 24 Hour Fitness's Colorado Springs location.

38. At all relevant times, Defendant 24 Hour Fitness knew or should have known that the steam room at its Colorado Springs location was in a state of disrepair.

39. At all relevant times. Defendant 24 Hour Fitness failed to appropriately and adequately warn its invitees, including Mr. Diaz, of the dangerous condition created by the damaged and/or malfunctioning steamer spout in the steam room of the Colorado Springs location.

40. Upon information and belief, Defendant 24 Hour Fitness closed the steam room of the Colorado Springs location for maintenance following the January 13, 2023, incident.

41. As a direct and proximate result of the negligent acts and omissions of Defendant 24 Hour Fitness, David Diaz incurred medical expenses exceeding $900,000.00 for treatment of his incident-related injuries prior to losing his life on January 24, 2023.

42. As a direct and proximate result of the negligent and unlawful acts and omissions of Defendant 24 Hour Fitness, Plaintiff Phebe Diaz and the other heirs of David Diaz have suffered and will continue to suffer injuries, damages, and losses, including but not limited to, economic damages for funeral and burial expenses, and other economic losses, and non-economic damages

for grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, and emotional distress.

### III.   FIRST CLAIM FOR RELIEF
(*Premises Liability*)

43.   Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

44.   At all relevant times, Defendant 24 Hour Fitness was a "landowner" as defined by C.R.S. § 13-21-115.

45.   At all relevant times, Mr. Diaz was an "invitee" as defined by C.R.S. § 13-21-115.

46.   At all relevant times, Defendant 24 Hour Fitness owed a non-delegable duty to Mr. Diaz to exercise reasonable care to protect against hazardous conditions on its premises, including steamer spouts located in the steam room at the Colorado Springs location as previously referenced herein.

47.   At all relevant times, Defendant 24 Hour Fitness, through their employees and/or agents, unreasonably failed to exercise reasonable care to protect against dangers of which it knew or should have known, including the danger of thermal burning created by the hazardous condition of the damaged and/or malfunctioning steamer spout in the steam room of the Colorado Springs location as previously referenced herein.

48.   At all relevant times, Defendant 24 Hour Fitness failed to maintain, abate, or remediate the hazardous condition in the steam room as previously referenced herein, including but not limited to repairing the damaged and/or malfunctioning steamer spout, replacing the damaged and/or malfunctioning steamer spout, or taking other reasonable measures to prevent injury to members of Defendant 24 Hour Fitness' Colorado Springs location.

49.   At all relevant times, Defendant 24 Hour Fitness failed to adequately and appropriately warn Mr. Diaz of the dangerous condition created by the damages and/or malfunctioning steamer spout in the steam room of the Colorado Springs location as previously referenced herein.

50.   As a direct and proximate result of Defendant 24 Hour Fitness' unreasonable failure to exercise reasonable care against dangers of which it knew of should have known, Plaintiff has suffered injuries, damages, and losses more fully described elsewhere herein.

### IV.   SECOND CLAIM FOR RELIEF
(*Gross Negligence*)

51.   Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

52.   At all relevant times, Defendant 24 Hour Fitness retained control of the steam room

at the Colorado Springs location and was responsible for the operation, management, upkeep, maintenance, and repair of the steam room at the Colorado Springs location.

53. At all relevant times, Defendant 24 Hour Fitness owed a duty to gym members of the Colorado Springs location, including Mr. Diaz, to ensure that its equipment, including the steam room, was properly maintained and repaired and to protect gym members from dangerous conditions of which it knew or should have known.

54. Upon information and belief, Defendant 24 Hour Fitness was aware that the steam room at the Colorado Springs location was in a state of disrepair and not safe for use by its gym members, including Mr. Diaz.

55. Upon information and belief, Defendant 24 Hour Fitness received prior complaints that the steam room was in a state of disrepair and not safe for use.

56. At all relevant times, Defendant 24 Hour Fitness consciously disregarded Mr. Diaz's safety and breached its duty by, *inter alia*, willfully and wantonly failing to properly replace the damaged portion of the steamer spout, willfully and wantonly failing to properly repair the damaged portion of the steamer spout, and willfully and wantonly failing to take other reasonable measures to prevent injury to the members of the Colorado Springs location, particularly Mr. Diaz.

57. Defendant 24 Hour Fitness' willful and wanton conduct was done heedlessly and recklessly, without regard to the rights and safety of the members of the Colorado Springs location, particularly Mr. Diaz.

58. Defendant 24 Hour Fitness knew or should have known that these acts were dangerous, done heedlessly and recklessly, without regard to the consequences, or the rights and safety of others, particularly Mr. Diaz, and that the acts posed a strong probability of injury to Plaintiff.

59. As a direct and proximate result of Defendant 24 Hour Fitness' grossly negligent acts and omissions, Plaintiff has suffered injuries, damages, and losses more fully described elsewhere herein.

## V. THIRD CLAIM FOR RELIEF
(*Damages – Wrongful Death Pursuant to C.R.S. § 13-21-201, et. seq.*)

60. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

61. Ms. Diaz is the daughter and heir of David Diaz ("Mr. Diaz"), deceased, and has standing to pursue claims against Defendant 24 Hour Fitness under C.R.S. §§ 13-21-201 and 13-21-203 on behalf of herself and as a representative for the other heirs of David Diaz.

62. As a direct and proximate result of the negligent acts and omissions of the Defendant as described more fully above, Plaintiff has suffered injuries, damages, and losses,

6

including, but not limited to, economic damages for funeral and burial expenses and other economic damages and non-economic damages for grief, pain and suffering, loss of enjoyment of life, and emotional distress.

## VI.  FOURTH CLAIM FOR RELIEF
### (*Damages – Survival Action Pursuant to C.R.S. § 13-21-201, et. seq.*)

63. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

64. Plaintiff is the duly appointed Personal Representative of the Estate of David Diaz, deceased.

65. As a direct and proximate result of the negligent acts and omissions of the Defendant as described more fully above, David Diaz, deceased, suffered injuries, damages, and losses, including, but not limited to, economic damages for past medical expenses.

66. As Personal Representative of the Estate of David Diaz, Plaintiff claims economic losses the decedent sustained or incurred before his death as a result of the negligence of Defendant pursuant to Colorado' Survival Statute, § 13-20-101, C.R.S.

## VII.  REQUEST FOR TRIAL BY JURY

67. Plaintiff demands trial by jury for all claims set forth herein.

**WHEREFORE**, Plaintiff, Phebe Diaz, individually and as Personal Representative of the Estate of David Diaz, deceased, respectfully requests that judgment be entered in her favor and against Defendant in an amount which will fully compensate her for all damages she has sustained to the full extent allowed by law, including without limitation, economic and non-economic damages as provided for under Colorado law as well as interest, costs, and such other relief as the Court deems just and appropriate.

Respectfully submitted this 9th day of January, 2025.

RAMOS LAW
*This pleading was filed electronically pursuant to Rule 121 § 1-26; Original signed pleading is on file in counsel's office.*

/s/ *Madeline S. Robbins*
Madeline S. Robbins, #56547
S. Paige Singleton, #49011

<u>Plaintiff's Address</u>:
c/o Ramos Law
10190 Bannock Street, Suite 200
Northglenn, Colorado 80260